THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ING BANK, fsb, | Case No. C09-1458-JCC |
| Plaintiff, | ORDER |
| v. | |
| TZE-HUEY WAH, individually; SHAUN LIU, individually; and the marital community of TZE-HUEY WAH and SHAUN LIU | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 43), Defendants' response (Dkt. No. 46), and Plaintiff's reply (Dkt. No. 47).

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the evidence in the light most favorable to the nonmoving party. *Id.* at 760.

A party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate

1  the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323
2  (1986). To defend against the motion, the nonmoving party must then go "beyond the
3  pleadings," *id.*, and demonstrate "specific facts showing a genuine issue for trial." Fed. R. Civ.
4  P. 56(e)(2). A party opposing summary judgment bears the burden of establishing a genuine
5  issue for trial by pointing to specific evidence along with its location in the record. *Orr v. Bank*
6  *of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002).

Plaintiff moves for summary judgment on its claims asserted in its complaint against the remaining defendants, including fraud in the inducement, negligence, breach of contract, and judicial foreclosure. Plaintiff contends that Defendants supplied a false loan application, substantially inflating their income to secure a loan for $1,350,000.00. Plaintiff further contends that Defendants have stopped making monthly payments, as required by the loan agreement. Plaintiff has provided sufficient evidence to support its claims, including the loan application, promissory note, deed of trust, payoff statement to Defendants, and deposition transcripts. (Dkt. Nos. 1-2, 44, 45.)

In their response, Defendants, appearing pro se, do not contest Plaintiff's allegations and evidence. Instead, viewing their response liberally in their favor, *see United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000), Defendants appear to contend that Plaintiff inhibited Defendants' ability to sell their house. (Dkt. No. 46 at 2.) But Defendants do not provide any explanation for such an allegation. Defendants also claim that Plaintiff has not provided the original loan documents (*Id.*), but Plaintiff attached those documents to both the complaint and their motion for summary judgment. Defendants further contend that "[d]ue to Plaintiff's careless[ness], the Defendants believe the Plaintiff has no right to ask for [the] Motion for Summary Judgment, the Alternative, nor for Partial Summary Judgment." (*Id.*) Yet Defendants do not explain their positions or cite any authority for them. Defendants also allude to the declining economic market and their inability to find a potential buyer for the house as

the cause of the delinquent payments. (Dkt. No. 46-1 at 2.) But Defendants do not explain how those circumstances legally prohibit Plaintiff from foreclosing.

Defendants contend that "[e]ven [if] the Plaintiff does not have the legal obligation to assist its clients nor to the potential buyers, it should have the moral obligation to support its clients based on its best of effort which was not given at all." (*Id.*) Although the Court sympathizes with homeowners facing foreclosure, the law does not recognize the breach of a proclaimed moral obligation as a defense to foreclosure. Defendants further contend that Defendant Wah was "under medication treatments at the time of the deposition" and that the records "may show discrepancy and may not be reliable." (Dkt. No. 46-2 at 2.) Defendants appear to argue that they must have had a higher income than Plaintiff now alleges because Defendants had been making timely payments for four years. According to Defendants, the alleged low income would not have allowed for such payments. (*Id.*) Yet Defendants provide no documents showing their present or former income. Defendants do not even make an allegation of fact regarding their exact income. Defendants have not provided the Court with any reasonable basis to deny Plaintiff's motion for summary judgment.

Accordingly, the Court GRANTS Plaintiff's motion for summary judgment. On Plaintiff's first cause of action for fraud in the inducement, third cause of action for negligence, and fifth cause of action for breach of contract, Plaintiff is awarded damages against Defendants jointly and separately as follows:

1. Loan principal in the amount of $1,343,831.43.

2. Outstanding accrued interest on the loan in the amount of $180,549.55.

3. Outstanding accrued late charges on the loan in the amount of $10,666.25.

4. Loan fees in the amount of $50,489.49.

5. Per diem interest of $233.35 from October 7, 2010, through the date of entry of this Judgment.

1  On Plaintiff's sixth cause of action for judicial foreclosure, and on condition that
2  Plaintiff complies with Washington State's judicial foreclosure procedure, *see* Wash. Rev.
3  Code § 61.24; 18 William B. Stoebuck & John W. Weaver, *Wash. Prac., Real Estate* § 20.19
4  (2d ed. 2010), the Court enters a decree of foreclosure ordering that (a) the deed of trust be
5  foreclosed, (b) judgment be made for the sale of the real property located at 1275 Chuckanut
6  Drive, Bellingham, Washington 98229 and the collateral according to law, (c) the proceeds of
7  the sale be applied in payment of the amounts due Plaintiff, (d) any rents, income and profits
8  be applied in payment of the amounts due Plaintiff, (e) that the balance due on the loan
9  between Plaintiff and Defendants, and costs that may remain unsatisfied after the sale of the
10 property and the collateral, be satisfied from any property of Defendants individually and the
11 marital community of Defendants, and (f) Defendants, and all persons claiming under any
12 alleged right subsequent to execution of the deed of trust, whether as lien claimants, judgment
13 creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or
14 otherwise, be barred and foreclosed from all rights, claims, or equity of redemption in the real
15 property and the collateral and every part of the real property and collateral when the time for
16 redemption has elapsed. The rights, claims, ownership, lien, titles, and demands of Defendants
17 are subsequent to and subject to the lien of the Deed of Trust. Plaintiff or any parties to this
18 action, may become purchasers of the property at the foreclosure sale. When time for
19 redemption has elapsed, the levying officer shall execute a deed to the purchaser or purchasers
20 of the property at the sale, and the purchaser or purchasers shall be let into possession of the
21 property upon production of the levying officer's deed.
22  //
23  //
24  //
25  //
26  //

ORDER, C09-1458-JCC
PAGE - 4

1    DATED this 4th day of January 2011.

                                                                     *John C. Coughenour signature*

John C. Coughenour
UNITED STATES DISTRICT JUDGE